UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EVAN JEFFREY EVANS,            )<br>      Plaintiff,                        )<br>                                  )<br>     v.                             )    CAUSE NO.: 2:20-CV-416-JEM<br>                                  )<br>KILOLO KIJAKAZI, Acting Commissioner )<br>of the Social Security Administration,      )<br>      Defendant.                   ) | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1] filed by Plaintiff Evan Jeffrey Evans on November 18, 2020 and Plaintiff's Opening Brief [DE 25], filed August 31, 2021. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On November 8, 2021, the Commissioner filed a response, and Plaintiff filed his reply on November 22, 2021. For the following reasons, the Court remands the Commissioner's decision.

**I.     Background**

On September 26, 2018, Plaintiff filed an application for benefits alleging that he became disabled on February 15, 2018. Plaintiff's application was denied initially and upon consideration. On February 7, 2020, Administrative Law Judge ("ALJ") Cindy Martin held a hearing at which Plaintiff, along with an attorney and a vocational expert ("VE"), testified. On March 19, 2020, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.     The claimant meets the insured status requirements of the Social Security Act through December 31, 2023.

2.     The claimant has not engaged in substantial gainful activity since February

1

15, 2018, the alleged onset date.

3. The claimant has the following severe combination of impairments: degenerative disc disease of the lumbar spine with radiculopathy, status post three surgeries including a fusion in June 2017, degenerative joint disease of the bilateral hips, hypertensive vascular disease, obstructive sleep apnea and obesity.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: occasionally climb ramps and stairs; never climb ladders, ropes and scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; no more than occasional exposure to hazards such as dangerous machinery or unprotected heights.

6. The claimant is unable to perform any relevant past work.

7. The claimant was a younger individual age 18-49 on alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from February 15, 2018, through the date of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE

16]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence, or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual

findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ erred in weighing the physician reports in the record and in weighing Plaintiff's credibility. The Commissioner argues that the opinion is supported by substantial evidence.

The ALJ was required to analyze a number of factors when determining the weight to give to medical opinions in the record and to thoroughly explain the weight given the opinions. The most important factors are the relevance of the medical evidence and explanations used to support the medical opinions and the consistency of the medical evidence with other medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(b)(2), (c)(1)-(2); 416.920c(b)(2), (c)(1)-(2). Dr. Nenadovich,

Plaintiff's treating spinal surgeon, stated that as of September 10, 2019, Plaintiff "has been unable to work for the past year and half due to severe low back pain with chronic right leg radiculopathy," and that "he cannot sit or stand or lay down w/o pain for any length of time > 5 minutes," along with restrictions on how long he can walk, concluding "I do not believe he will be able to find or participate in any substantial, gainful employment" and "full disability is appropriate for this patient." AR 538. The surgeon also completed a physical residual functional capacity questionnaire on January 14, 2020, with additional information about Plaintiff's abilities, including the need to change positions, to take periods of walking and sitting throughout the day, as well as the need to take unscheduled rest breaks because of the pain. AR 549-553.

      The ALJ explained that she found the medical source statement completed by Plaintiff's treating spinal surgeon to be "not persuasive due to internal inconsistencies" and concluded that "Dr. Nenadovich's opinions are not supported by the record as a whole, which indicates that the claimant is able to walk unassisted and that physical examinations have been unremarkable except for tenderness and limited range of motion of his lumbar spine" with "full strength, range of motion and sensation" and improvement with medication. AR 20. However, Dr. Nenadovich did not opine that Plaintiff required assistance walking, nor that he lacked strength or sensation. Instead, the treating surgeon stated that the opinions were based on her treatment of Plaintiff's significant low back pain and multiple spinal surgeries. In addition, as Plaintiff argues, the ALJ did not describe the supposed internal inconsistencies within her report, and they are not obvious on its face.

      Plaintiff also argues that the ALJ erred in failing to address the opinion of Plaintiff's treating nurse practitioner. The Commissioner argues that the nurse practitioner's notes are not a medical opinion requiring review, because they are not "a statement from a medical source about what you

5

can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in [work-related functions]." 20 C.F.R. § 404.1513(a)(2). The nurse practitioner stated on February 8, 2018, that Plaintiff "is still not able to work on the floor like he once use[d] to but he was denied [long term disability]. He suffers from the longterm effects from the several surgeries which requires frequent position changes." AR 352. Although not a form filled out specifically and solely to delineate Plaintiff's work-related abilities, it is a statement from a treating medical source about what he is physically able to do. Furthermore, it is consistent with the statements of Plaintiff's spinal surgeon. *See* 20 C.F.R. §§ 404.1520c(c)(2); 416.920c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."). Rather than thoroughly addressing the medical opinions in the record and explaining her analysis of them, the ALJ's analysis raises concerns that she is substituting her own medical judgment for that of actual medical professionals and that she is giving weight to only the more normal findings in the record rather than the significant reports of pain and limitation. *See Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014), as amended on denial of reh'g (Oct. 24, 2014) ("ALJs are required to rely on expert opinions instead of determining the significance of particular medical findings themselves."); *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013) ("An ALJ cannot rely only on the evidence that supports her opinion."); *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."); *Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own

independent medical conclusion").

Rather than rely on the opinions of the treating providers, the ALJ instead relied on the opinions of the state agency medical consultants who reviewed Plaintiff's file, despite the requirement that an ALJ must take into account that the length and extent of the treatment relationship, as well as the fact that "[a] medical source may have a better understanding of [the claimant's] impairment(s) if he or she examines [the claimant] than if the medical source only reviews evidence in [their] folder. 20 C.F.R. § 404.1520c(c)(3)(i)-(v); *see also Martin v. Saul*, 950 F.3d 369, 375 (7th Cir. 2020) (expressing disapproval where "ALJ assigned little weight to every medical opinion related to physical conditions except for the one provided by . . . an agency physician who never examined [the plaintiff]."); *Kaminski v. Berryhill*, 894 F.3d 870, 874–75 (7th Cir. 2018), amended on reh'g (Aug. 30, 2018) ("The judge also impermissibly cherry-picked evidence. Specifically, the judge appears to have overlooked the consulting psychologist's report . . . yet relied heavily on the reports of doctors who did not examine [plaintiff] but who opined that he could work with some restrictions.").

The Court is also concerned with the ALJ's treatment of Plaintiff's pain management. The record is replete with Plaintiff's complaints of pain and consistent seeking of treatment for pain relief, but the ALJ emphasizes a note during examination that Plaintiff had stopped taking pain medications, which the ALJ concluded "suggests that [Plaintiff's] symptoms are not as severe as alleged." AR 19. However, the same note also says that Plaintiff's "[p]ain has increased" but that some medications he tried were ineffective, he experienced significant side effects with one class of medication, and although he "did well with" one particular medication, he "had trouble getting it covered." AR 538. Rather than indicating that Plaintiff was not taking pain medication because

7

he was not in much pain, this record indicates that Plaintiff was unable to find or afford medications that were effective, leaving him in untreated pain. Not only did the ALJ cherry-pick an out-of-context statement about pain medications, but the regulations require that when failure to seek medical treatment or comply with treatment recommendations is used as a factor in determining whether a claimant's statements regarding his symptoms are to be believed, an ALJ is required to make a determination about whether the lack of treatment is justified and develop the record accordingly. SSR 16-3p, 2017 WL 5180304 at *8 (Oct. 25, 2017) ("Persistent attempts to obtain relief of symptoms, such as increasing dosages and changing medications, trying a variety of treatments, referrals to specialists, or changing treatment sources may be an indication that an individual's symptoms are a source of distress and may show that they are intense and persistent."); *see also Craft v. Astrue*, 539 F.3d 668, 679 (7th Cir. 2008) ("[T]he ALJ 'must not draw any inferences' about a claimant's condition from this failure unless the ALJ has explored the claimant's explanations as to the lack of medical care.") (quoting SSR 96-7p, 1996 WL 374186 (July 2, 1996)).

The ALJ must "provide a 'logical bridge' between the evidence and h[er] conclusions," but she has failed to do so in this case. *O'Connor-Spinner*, 627 F.3d at 618. The case must be remanded for a thorough weighing of the evidence in the record, including considering the weight to be given medical opinions in the record in accordance with the regulations. On remand, the ALJ is also reminded that she must consider the claimant's statements about his symptoms, such as pain, and how the symptoms affect his daily life and ability to work. See 20 C.F.R. § 404.1529(a); SSR 16-3p, 2017 WL 5180304; *Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014) ("An ALJ must consider subjective complaints of pain if a claimant has established a medically determined impairment that could reasonably be expected to produce the pain.").

**IV.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 25] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 3rd day of March, 2022.

s/ John E. Martin_____
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:  All counsel of record